GRIFFIN, J.
The Petitioner, Martin Dragomirecky [“Dragomirecky”], seeks certiorari review of a circuit court order dismissing his cer-tiorari petition with prejudice for failure to comply with the rules of appellate procedure. Dragomirecky is the owner of a partly-constructed house that has been declared unsafe and is the subject of a demolition order. Dragomirecky sought certio-rari review in the circuit court of a decision of the Town of Ponce Inlet Board of Adjustments and Appeals [“Board”], which upheld the Town’s “notice of unsafe building and order to vacate and demolish.”
After Dragomirecky filed his pro se petition for writ of certiorari in the circuit court, the court ordered Dragomirecky to file an appendix with transcripts and copies of exhibits. Once counsel appeared for him, Dragomirecky moved for two extensions of time to comply. The second order, which granted Dragomirecky ten additional days to file a complete appendix, warned that Dragomirecky’s failure to comply with the order would subject the petition for writ of certiorari to dismissal.
According to the circuit court, within the court’s deadline, Dragomirecky filed a corrected appendix and a corrected record, which the court said made “confusing and conflicting references to prior documents allegedly in the court file.” The *412 Town moved to dismiss the petition based on Dragomirecky’s failure to comply with the trial court’s prior order. Although the circuit court noted that dismissal as a sanction is to be used sparingly, the circuit court dismissed the petition, saying that the record was incomplete, confusing and contradictory. Although we do not fault the trial court’s frustration, we conclude that, under these circumstances, the sanction of dismissal was too severe. The dismissal deprived the petitioner of the only judicial review of the administrative order of the Town of Ponce Inlet requiring that he demolish his partially built home for building code violations.
It is often very difficult to prepare a proper record in an appellate proceeding such as this. Municipal boards are not set up well for creating and organizing a record for appellate review, and this dispute has apparently been raging for over three years, including eight hearings and voluminous correspondence. It is not uncommon to see confusion and contradiction, but based on our review, it does not appear that the record was so “incomplete, confusing and contradictory” that the appeal could not proceed. It is the petitioner who has the right to select the issues for review and who has the burden of providing a record adequate to demonstrate error. If petitioner’s record is incomplete, he will not be able to demonstrate error and he will fail on the merits.
WRIT GRANTED.
SHARP, W., and TORPY, JJ., concur.